SUMMARY ORDER
Defendant-Appellant Alexander Salvag-no appeals from a judgment of conviction in the United States District Court for the Northern District of New York (Munson, J.) following a jury verdict finding Salvag-no guilty of (1) conspiracy to violate the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962, (2) conspiracy to violate the Clean Air Act and the Toxic Substances Control Act, 18 U.S.C. § 371; 42 U.S.C. § 7401, (3) violations of the Clean Air Act, 42 U.S.C. § 7413, and (4) income tax evasion, 26 U.S.C. § 7206(1). The district court sentenced Salvagno to 300 months imprisonment and ordered him to pay $2,033,457.70 in forfeiture and $23,039,607.30 in restitution. We assume the parties’ familiarity with the case’s underlying facts, its procedural history, the overwhelming evidence of Salvagno’s guilt, and the many issues on appeal.
Salvagno argues that his Sixth Amendment rights were violated by a con *704 flict of interest with his trial counsel Bern-feld. Specifically, Salvagno alleges that he and Bernfeld had conflicted interests concerning certain documents improperly withheld during discovery, because Bern-feld sought to avoid being implicated for them non-production. Salvagno suggests that this impacted Bernfeld’s trial strategy, in addition to preventing Bernfeld from providing advice on issues related to the documents’ production.
On the record before us, Salvagno’s claim is too speculative to succeed. See Mickens v. Taylor, 535 U.S. 162, 171, 122 S.Ct. 1237, 152 L.Ed.2d 291 (2002) (explaining that an actual conflict of interest must be more than “a mere theoretical division of loyalties”). The record contains no direct evidence of Bernfeld’s culpability for the non-production of the documents. Moreover, we note that Bernfeld successfully resisted the government’s trial subpoenas requesting the documents, which appears to us consistent with, and not opposed to, Salvagno’s interests. A more developed record could shed additional light on the documents’ history, however, and perhaps lend support to Salvagno’s contentions. Accordingly, we dismiss Sal-vagno’s claim, but we leave open the possibility that Salvagno could advance his claim in a 28 U.S.C. § 2255 motion, wherein a district court could supplement the record if necessary. See Armienti v. United States, 313 F.3d 807, 809-10 (2d Cir.2002) (explaining that a deficient record on direct appeal concerning a conflict of interest may be remedied in a habeas proceeding).
Salvagno also argues that his Sixth Amendment rights were violated by a conflict of interest at his sentencing. Specifically, he objects to two lawyers from the same law firm representing both him and his co-defendant father Raul Salvagno at sentencing, on the basis that an argument for leniency for a lesser role for one defendant would undermine a similar argument for the other. Both defendants were also represented by separate counsel that were unconflicted. Salvagno concedes that the district court asked the unconflicted attorneys, with the defendants present, whether the conflict was a problem and received a negative response, but he argues that the district court erred by never specifically asking him if he understood and waived the conflict.
Whenever a district court discovers that a defendant’s attorney suffers from a conflict or potential conflict, “such that a rational defendant could knowingly and intelligently desire the conflicted lawyer’s representation!,] the court should follow the procedures set out in [United States v. Curcio, 680 F.2d 881, 888-90 (2d Cir. 1982),] in order to obtain directly from the defendant a valid waiver of his right to a non-conflicted lawyer.” United States v. Levy, 25 F.3d 146, 153 (2d Cir.1994). Under the Curdo procedures, “the trial court should: (i) advise the defendant of the dangers arising from the particular conflict; (ii) determine through questions that are likely to be answered in narrative form whether the defendant understands those risks and freely chooses to run them; and (iii) give the defendant time to digest and contemplate the risks after encouraging him or her to seek advice from independent counsel.” United States v. Iorizzo, 786 F.2d 52, 59 (2d Cir.1986). Whether a resulting waiver is “knowing and intelligent depends on the circumstances of each individual case as well as the background and experience of the accused.” United States v. Blau, 159 F.3d 68, 74 (2d Cir.1998).
Here, the district court’s Curdo hearing, while not exemplary, was adequate. A Curdo hearing aims to ensure that the defendant understands the risks of utilizing conflicted counsel, so that the defen *705 dant can knowingly and intelligently waive his Sixth Amendment right to conflict-free counsel. An otherwise well-conducted hearing can be undermined if the record does not reflect the ultimate waiver as coming from the defendant himself. In this case, however, despite the absence of a direct waiver from Salvagno himself, there was no constitutional violation, because Salvagno’s waiver came from uncon-flicted counsel, with Salvagno present and evidently in agreement. See United States v. Leslie, 103 F.3d 1093, 1098 (2d Cir. 1997); Williams v. Meachum, 948 F.2d 863, 867 (2d Cir.1991) (“In reviewing a defendant’s waiver, ... we are ultimately concerned less with exact words used by the trial judge than with whether the facts and circumstances of the case indicate that the defendant fully appreciated his situation and made a properly informed decision.”). The government stated on the record that, “although the record won’t reflect it, it was clear and we were able to see that [Salvagno was] in agreement, unless [he has] any objection that [he] would like to put on the record right now.”
We have thoroughly considered all of Salvagno’s other challenges to his conviction and to his sentence, including his co-defendant’s arguments adopted by reference, and we find them to be without merit.
For the foregoing reasons, the district court’s judgment is AFFIRMED.